**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE JANE A. RESTANI**

POSCO,

Plaintiff,

and

GOVERNMENT OF KOREA

Plaintiff-Intervenor

v.

UNITED STATES,

Defendant,

and

NUCOR CORPORATION

Defendant-Intervenors.

**PUBLIC DOCUMENT**

Court No. 24-00006-JAR

**PLAINTIFF'S COMMENTS IN OPPOSITION TO THE REMAND RESULTS**

Brady W. Mills
R. Will Planert
Mary S. Hodgins
Nicholas C. Duffey

**TAFT STETTINIUS & HOLLISTER, LLP**
1333 New Hampshire Ave, N.W., Suite 800
Washington, D.C. 20036
(202) 216-4116

*Counsel to Plaintiff POSCO*

August 21, 2026

**TABLE OF CONTENTS**

I. Commerce's *De Facto* Specificity Determination for the K-ETS Program Is Unsupported by Substantial Evidence and Contrary to Law.......... 2

II. Conclusion .......... 3

III. Certificate of Compliance .......... 4

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE JANE A. RESTANI**

| | |
|---|---|
| POSCO,<br><br>Plaintiff,<br><br>and<br><br>GOVERNMENT OF KOREA<br><br>Plaintiff-Intervenor<br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>and<br><br>NUCOR CORPORATION<br><br>Defendant-Intervenors. | Court No. 24-00006-JAR |

**PLAINTIFF'S COMMENTS IN OPPOSITION TO THE REMAND RESULTS**

Plaintiff POSCO hereby comments in opposition to the U.S. Department of Commerce's ("Commerce") Final Results of Redetermination Pursuant to Second Court Remand, *POSCO v. United States*, Ct. No. 24-00006 (Ct. Int'l Trade Apr. 17, 2026), ECF No. 79-1, PRR 4 ("*Second Remand Results*").[1] The determination at issue is *Certain Carbon and Alloy Steel Cut-to- Length Plate from the Republic of Korea: Final Results and Partial Rescission of Countervailing Duty Administrative Review;* 2021, 88 Fed. Reg. 86,318 (Dep't Commerce Dec. 13, 2023) ("*Final*

[1] Citations to the administrative record shall be to the public or confidential record document number ("PR" or "CR") or the remand administrative record number ("PRR" or "CRR").

*Results*"), PR No. 178 and accompanying Issues and Decision Memorandum ("*Final IDM*"), PR No. 174.

Although POSCO disagrees with Commerce's *Second Remand Results* and the determination that the provision of additional permits under the K-ETS program is *de facto* specific under section 771(5A)(D)(iii)(I) of the Act, it is not submitting substantive comments that address all aspects of POSCO's opposition to the K-ETS determination in the *Second Remand Results*. Instead, POSCO briefly explains the basis for its opposition to the *Second Remand Results* and endorses and adopts by reference the substantive comments filed by the Government of Korea ("GOK") on this issue.

## I. Commerce's *De Facto* Specificity Determination for the K-ETS Program Is Unsupported by Substantial Evidence and Contrary to Law.

In its *Second Remand Results*, the Department determined that the 100 percent allocation of the carbon emission permits to certain recipients rather than the standard 90 percent allocation under the K-ETS permits program is *de facto* specific because 494 companies received the 100 percent allocation, and there are 906,325 companies operating within the jurisdiction of the GOK during the period of review ("POR"). *Second Remand Results* at 7. The comparison of the number of companies that received additional permit allocations with the total number of companies in Korea is irrelevant to the inquiry into whether the beneficiaries under the program are limited in number, because not all companies in Korea are subject to the emission limitation regime in the first place. Under the K-ETS emission regime, only companies that meet the emission threshold are subject to the emission limit and are eligible to receive K-ETS permits.

Most of the 906,325 companies operating in Korea do not require permits because they are not subject to the K-ETS program and therefore cannot serve as comparators to determine whether recipients of additional allocations are "limited in number." It is thus meaningless to

compare the number of companies that received additional permit allocations with the total number of companies in Korea. Instead, the comparison should be between the companies that received additional permit allocations and the number of companies subject to the K-ETS program. When properly compared on this basis, there is no basis to conclude that "the actual recipients of the subsidy" are limited in number pursuant to section 771(5A)(D)(iii)(I) of the Act.

## II. Conclusion

For the foregoing reasons, Plaintiff respectfully disagrees with Commerce's *Second Remand Results* and the determination that the K-ETS program is *de facto* specific. POSCO endorses and adopts by reference the substantive comments filed by the GOK.

Respectfully submitted,

/s/ Brady W. Mills
Brady W. Mills
R. Will Planert
Mary S. Hodgins
Nicholas C. Duffey

**TAFT STETTINIUS & HOLLISTER, LLP**
1333 New Hampshire Ave, N.W., Suite 800
Washington, D.C. 20036
(202) 216-4116

*Counsel to Plaintiff POSCO*

## III. Certificate of Compliance

The undersigned hereby certifies that the foregoing brief complies with the Standard Chambers Procedures of the U.S. Court of International Trade in that it contains 537 words including text, footnotes, and headings and excluding the table of contents, table of authorities and counsel's signature block, according to the word count function of Microsoft Word 2016 used to prepare this brief.

/s/ Brady W. Mills
Brady W. Mills